**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**

**v.**

**ARLES SILVIO CRUZ-GONZALEZ,**

Defendant.

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

**THIS MATTER** is before the Court on Defendant Arles Silvio Cruz-Gonzalez's Motion to Dismiss Indictment ("Motion"), ECF No. 16, filed June 5, 2026. The Government filed a Response on June 16, 2026 ("Response"), ECF No. 18, to which Defendant did not reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

**I.      Background**

Defendant is a twenty-nine-year-old citizen of Nicaragua who initially arrived in the United States in 2004 at the age of eight. Mot. at 1. At some point thereafter, Defendant was placed in removal proceedings. Id. On April 4, 2005, an Immigration Judge in Houston, Texas issued an Order granting Defendant's application for voluntary departure with an alternate order of removal to Nicaragua. Id.; see also Order of the Immigration Judge ("Removal Order") at 1, ECF No. 18-1 at 4-5. The Removal Order provided Defendant until June 3, 2005, to voluntarily depart the U.S. Removal Order at 1. The Removal Order's Certificate of Service states that it was personally served upon Defendant and Defendant's father. Id. at 2.

According to the Motion, because Defendant was only eight years old at the time, he did not independently participate in or make any legal determinations regarding the immigration

proceedings or acceptance of voluntary departure.  Mot. at 1.  Consequently, Defendant did not depart the U.S. following the grant of voluntary departure, and the Removal Order converted into a final order of removal.  Mot. at 1-2.

"For many years thereafter, [Defendant] remained in[] the United States and unaware o[f] the existence or legal effect of the removal order entered during his childhood."  Id. at 2.  In 2013, Defendant filed an application for Deferred Action for Childhood Arrivals ("DACA").  Id.  On July 9, 2013, United States Citizenship and Immigration Services granted Defendant's DACA application.  See id.; see also DACA Approval Notice, ECF No. 16 at 10.

In 2016, Defendant married a United States citizen.  Mot. at 2.  Expecting to adjust his status, he did not renew his DACA in 2017.  Id.  However, the marriage ended before he could adjust his status.  Id.

On December 25, 2025, Defendant was detained for a traffic violation and subsequently released into the custody of U.S. Immigration and Customs Enforcement.  Id.; see also Form I-213 at 2, ECF No. 18-1 at 6-8.  According to the Motion, "[i]t was at this time that Mr. Cruz first became aware that he was subject to a prior removal order stemming from proceedings that occurred during his childhood."  Mot. at 2.

On January 7, 2026, Defendant was removed from the United States.  Criminal Compl. at 1, ECF No. 1.

On February 16, 2026, Defendant illegally returned to the United States and was apprehended by Border Patrol Agents.  Id.

On May 20, 2026, a Grand Jury sitting in the District of New Mexico returned an Indictment charging Defendant with illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a).  ECF No. 11.

On June 5, 2026, Defendant filed the instant Motion to Dismiss Indictment pursuant to 8 U.S.C. § 1326(d).  ECF No. 16.  On June 16, 2026, the Government filed a Response.  ECF No. 18.

On June 18, 2026, the Court issued an Order to Supplement instructing the Government to provide the Court with a recording of Defendant's April 4, 2005, hearing before the Immigration Judge in Houston, Texas or, alternatively, a declaration from the clerk of the Immigration Court in Houston averring that no recording of the hearing exists.  ECF No. 20.

On July 7, 2026, the Government filed an unsigned letter from the Houston Immigration Court stating that they "have found that there is no audio or video recording of hearings held before the Houston Immigration Court on April 4, 2005."  ECF No. 22-1.

On July 8, 2026, the Court issued an Order providing Defendant until July 18, 2026, "to supplement the record with evidence relevant to Section 1326(d)'s factors, if he is able to do so."  ECF No. 23.  Defendant failed to supplement the record or otherwise respond to the Order.

## II.    Legal Standard

A prosecution for illegal reentry under 8 U.S.C. § 1326(a) generally requires the government to prove "(1) that the alien 'has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding'; and (2) that the alien thereafter has 'enter[ed], attempt[ed] to enter, or is at any time found in, the United States.'"  United States v. Adame-Orozco, 607 F.3d 647, 650-51 (10th Cir. 2010) (quoting 8 U.S.C. § 1326(a)).

"Due process requires that, before the United States can use a defendant's prior removal to prove a § 1326(a) charge, 'there must be some meaningful review' of the prior administrative removal proceeding."  United States v. Gonzalez-Fierro, 949 F.3d 512, 514 (10th Cir. 2020)

(quoting <u>United States v. Mendoza-Lopez</u>, 481 U.S. 828, 837-38 (1987)). "This principle means at the very least that where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense." <u>Mendoza-Lopez</u>, 481 U.S. at 838. Consequently, "Congress has provided a mechanism, set forth in 8 U.S.C. § 1326(d), for a defendant charged with a § 1326(a) offense to challenge the fundamental fairness of his prior unreviewed removal." <u>Gonzalez-Fierro</u>, 949 F.3d at 514. Specifically:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—
>
> **(1)** the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> **(2)** the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> **(3)** the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). "Because a final deportation order enjoys a presumption of regularity, once the government shows that the alien was deported while such an order was outstanding, the burden shifts to the defendant-alien, and it is he who must prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order." <u>Adame-Orozco</u>, 607 F.3d at 651.

### III.    Discussion

Defendant argues that he has exhausted his administrative remedies because (1) the Removal Order indicates he waived his right to appeal the order and (2) the ninety-day limitations period to file a motion to reopen the immigration proceedings has expired. Mot. at 3. He argues he was never given an opportunity for judicial review of his removal order because he did not become aware of it until December 25, 2025, when he was detained by ICE, and he was removed

from the United States less than two weeks later.  Id. at 4.  And he argues that the entry of the Removal Order was fundamentally unfair because it "stems from a grant of voluntary departure issued against [him] when he was a minor child of approximately eight years old, wholly dependent on his parent and lacking any meaningful ability to understand or comply with the Order."  Id.

Defendant bears the burden of proving Section 1326(d)'s elements by a preponderance of the evidence.  Gonzalez-Fierro, 949 F.3d at 521 n.7.  Defendant provided no evidence—even when the Court invited him to do so.  ECF No. 23 (providing Defendant "leave to supplement the record with evidence relevant to Section 1326(d)'s factors, if he is able to do so").  Consequently, the Court finds that Defendant has failed to carry his burden of proving by a preponderance of the evidence any of Section 1326(d)'s elements.

First, Defendant has failed to establish that he "exhausted any administrative remedies that may have been available to seek relief against the order[.]"  8 U.S.C. § 1326(d)(1).  A noncitizen "exhausts administrative remedies by raising an issue 'either on direct appeal or in a motion to reopen' before the BIA [Board of Immigration Appeals]."  United States v. Parrales-Guzman, 922 F.3d 706, 707 (5th Cir. 2019).  A court may not excuse a noncitizen's failure to exhaust under Section 1326(d).  United States v. Palomar-Santiago, 593 U.S. 321, 326 (2021).  Here, Defendant waived his appellate rights, see Removal Order at 2, and never filed a motion to reopen, see Mot. at 3.  Although a defendant may contest a waiver of appellate rights, Defendant has offered no evidence showing that he was coerced into waiving his appellate rights, that he did not understand the nature of the rights available to him, or that the Immigration Judge's characterization of those rights was misleading.  See United States v. Rangel de Aguilar, 308 F.3d 1134, 1138-39 (10th Cir. 2002) (affirming denial of motion to dismiss indictment under Section 1326(d) because the defendant "offered no evidence to show that the [immigration] agent involved coerced her into

5

waiving her rights, or that she did not understand the nature of the rights available to her, or that the INS agent's characterization of those rights was misleading").

Second, the Court finds that Defendant failed to establish that "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review[.]" 8 U.S.C. § 1326(d)(2). In fact, he does not even argue that the deportation proceedings deprived him of the opportunity for judicial review. See Mot. at 4. He simply argues that "he was never given the opportunity for judicial review" because he "was unaware of the removal order." Id. However, a "defendant may attack the prior deportation only by reference to the 'proceedings at which the order was issued.'" Adame-Orozco, 607 F.3d at 652. Because Defendant fails to reference the proceedings at which the order was issued, his argument misses the mark. See id.; see also United States v. Varela-Cias, 425 F. App'x 756, 759 (10th Cir. 2011) (finding that three of the defendant's six arguments "clearly do not fall within § 1326(d)(2) because they do not relate to the 'proceedings at which the [deportation] order was issued'"). And in any event, the Removal Order's Certificate of Service—which was signed by the Immigration Judge—states that both Defendant and Defendant's father were personally served with the Removal Order, ECF No. 18-1 at 5, and Defendant has presented no evidence to rebut that representation. As such, Defendant has presented no evidence that the 2005 deportation proceedings improperly deprived him of the opportunity for judicial review.

Finally, the Court finds that Defendant failed to establish "the entry of the [removal] order was fundamentally unfair[.]" 8 U.S.C. § 1326(d)(3). "To establish that his prior removal was fundamentally unfair, [Defendant] had to show both that there was a procedural error during his . . . removal proceeding and that that procedural error prejudiced him." Gonzalez-Fierro, 949 F.3d at 521 (citing United States v. Sandoval, 390 F.3d 1294, 1299 (10th Cir. 2004)). "That is, he had

to show that there is 'a reasonable likelihood that, but for the complained-of error, he would have avoided removal.'" Id. (quoting United States v. Almanza-Vigil, 912 F.3d 1310, 1323 (10th Cir. 2019)). Defendant has offered no evidence of any procedural error during his removal proceeding, or that even if there was, there is a reasonable likelihood that, but for the error, he would have avoided removal. He did not, for example, provide an affidavit averring that but for some procedural error in his removal proceeding, he would have voluntarily departed on or before June 3, 2005, and thereby avoided being subject to a final removal order.

In sum, Defendant's failure to present any evidence in support of his Motion requires the Court to deny it.

## IV.  Conclusion

Therefore, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss Indictment, ECF No. 16, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE